

# THE ATTORNEY GENERAL
# OF TEXAS
## AUSTIN, TEXAS

GERALD C. MANN
ATTORNEY GENERAL

Honorable Roland Boyd
County Attorney
McKinney, Texas

Opinion No. O-2089
Re: (1) Validity of Order of com-
missioners' court levying annual
occupation tax upon all occupa-
tions permitted to be taxed by
Article 7047, V. A. C. S., for the
year 1932 and succeeding years,
to remain in force until repeal-
ed or changed by order of said
court. (2) Is Article 121, Penal
Code of Texas, void and unen-
forceable because of its uncer-
tainty and indefiniteness in
fixing penalty for violation
thereof.

Dear Sir:

By your letter of date March 15, 1940, you submit for
the opinion of this Department the following questions, which we
quote from your letter:

"In the year 1932 our commissioners court
passed an order levying an annual occupation tax up-
on all occupations permitted to be taxed by Art. 7047
of the civil statutes. They provided in this order
that the same should remain in force until repealed
or changed in some way and there has been no further
order levying an occupation tax since that time. Our
first question is: Does this old order levy a valid
occupation tax for the current year or is it neces-
sary for an annual order to be passed levying this an-
nual tax for each year as the year's other taxes are
assessed.

"Art. 121 of the Penal Code says the penalty for
failure to pay the annual occupation tax both state
and county at a fine of not less than the amount of
the tax due and not more than double that sum. Art.
5 of the Penal Code provides that all penalties for
offenses must be fixed by the written law of this state.
Art. 7048 of the Civil Statutes provides that the coun-
ty occupation tax may be paid quarterly.

"Bearing in mind these provisions of the statutes,
if a person begins an occupation subject to tax during

the first three months of the year he would be
subject to a full year's tax and would be en-
titled to a reduction for each quarter after the
first quarter that he entered business. In oth-
er words, a man entering business during the
last three months of the year would only pay one
fourth of the amount of tax that would have been
due had he started in the first quarter of the
year.

"Now, in the event of a criminal prose-cu-
tion for failure to pay any of these levies Art.
121 in order to arrive at the proper penalty to
be assessed in the event of a conviction, it be-
comes a question of fact as to how long a man
has been engaged in the business during that
particular tax year. In fact, it must be proved
by witnesses and is subject to contradiction by
the defendant. Our question is: Does this situa-
tion make the penalty provision of Article 121
of the Penal Code void because of its uncertainty
and indefiniteness in fixing penalty for violation
of this statute."

It appears from your letter that the order of the
commissioners' court under consideration here was couched
in general terms and did not single out or enumerate the
particular occupations taxed but rather levied a blanket tax
in the constitutional amount against all occupations permit-
ted to be taxed by Article 7047, V. A. C. S. To avoid any mis-
interpretation of our answer to your first question, we point
out that, under the settled law of this State, the generality
of this tax levy does not render same insufficient or illegal.
Wade vs. State, 3 S. W. 786; Witherspoon vs. State, 44 S. W.
164.

The sole question for consideration here is whether
or not the order of the commissioners' court of Collin County
for the year 1932, levying an occupation tax under the above
limitations, operates to validly levy such tax for all suc-
ceeding years or until such time as another commissioners'
court should repeal or change such tax levy by a new or addi-
tional order.

We think it was the contemplation of the Constitution
and statutes in such cases made and provided, that occupation
taxes exacted by counties of the State, should be, by formal
order, levied _annually_ rather than by a continuing order or

levy such as involved in the instant case. Article 8, Sec. 1, Constitution of Texas, provides, in part, that "the occupation tax levied by any county, city or town _for any year_ on persons or corporations pursuing any profession or business, shall not exceed one-half of the tax levied by the state _for the same period_ on such profession or business."

Article 7047, V. A. C. S., provides that:

"There shall be levied on and collected from every person, firm, company or association of persons, pursuing any of the occupations named in the following numbered subdivisions of this Article, an _annual_ occupation tax, which shall be paid _annually in advance except where herein otherwise provided_, on every such occupation or separate establishment, as follows:"

The pertinent portion of Article 7046, V. A. C. S., provides that "each commissioners' court. . . shall have the right to _levy_ one-half of the occupation tax levied by the State upon all occupations not herein otherwise specifically exempted; provided, anyone wishing to pursue any of the vocations named in this chapter, upon which any county occupation taxes may be levied, may do so by _paying the same quarterly_."

Although we have been unable to find any authorities in this or other jurisdictions decisive of this question, we can, in principle, see no valid reason why the established rule declaring, in the case of ad valorem taxes generally, that there can be no tax without a levy should not apply to occupation taxes. Under these authorities, such tax levy has been held to be fundamentally necessary to the accrual of a tax for any given tax period, with few exceptions. Taxes, both direct, in the form of ad valorem taxes, or indirect, in the form of excise taxes, are assessed and collected according to tax-paying periods, and are not considered a running or continuing proposition. Any other system of tax gathering would result in interminable confusion.

The occupation taxes levied by Collin County are a species of an excise tax, and, according to the universal practices above observed, are computed and paid on the basis of a tax-period of one year. That this was in the contemplation of the legislature and the framers of the Constitution is indicated by the consistent use of the terms "annual", "for any year", and similar expressions.

As to ad valorem taxes, the commissioners' court has the duty to levy such taxes annually. It is contemplated that the court each year shall determine the amount of money necessary for the operation of the county for the current fiscal year, and determine the tax rate accordingly. This is for the protection of the public, to insure that a re-examination of the necessity for collecting taxes shall be had periodically, that unnecessary burdens may not be imposed on the people. For the same reason, in the absence of the expression of a clear contrary intention, the policy should be applied to the levy of occupation taxes, requiring the court periodically to re-examine the question of the necessity for levying occupation taxes and the amount to be levied.

As additional support for our conclusion that the levy of an <u>annual</u> occupation tax by the commissioners' court of a county for county purposes is required by the governing statutes, we advert to the fact that such tax levy is, under such statutes, discretionary in the commissioners' court rather than mandatory. Such court may elect to levy an occupation tax upon all or any part of the occupations taxed by the Legislature on behalf of the State at that time, or may determine that no occupation tax should be levied in the particular county. Moreover, the occupations subject to be taxed by a county may be either increased or diminished at each successive session of the Legislature. The discretion of the commissioners' court of a county in regard to the number of occupations to be taxed and the amount of such tax should be exercised, annually, by formal levy entered of record in the minutes of the commissioners' court. Absent such annual levy, it should be considered that the commissioners' court elected, in its discretion, not to levy a tax for the given year.

For the foregoing reasons it is our opinion that the order of the commissioners' court of Collin County was not a valid occupation tax levy except for the year 1932, and the attempt of the commissioners' court to project into futurity such occupation tax, unless and until altered by subsequent order, was inoperative and ineffective and created no valid occupation tax levy for successive years. It would follow therefore, in answer to your second question, that no prosecution, under Article 121, Penal Code of Texas, would lie for pursuing the taxed occupation or business without payment of an occupation tax for the current year.

This renders unnecessary a discussion of the possible invalidity of Article 121, Penal Code of Texas, on the ground of uncertainty or indefiniteness.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Pat M. Neff, Jr.

Pat M. Neff, Jr., Assistant

PMN:jmtwb

APPROVED MAY 3, 1940

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED:  OPINION COMMITTEE

By  BWB  Chairman